IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 0:10-1212-CMC |
| v. | |
| James Anthony Beckham, | **Opinion and Order** |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. ECF No. 128. The Government filed a response in opposition. ECF No. 131. On July 11, 2016, Defendant replied. ECF No. 134. This matter is now ripe for resolution.

**I.   Background**

On December 21, 2010, Defendant was indicted in this District for conspiracy to possess cocaine with intent to distribute involving 5 kilograms or more, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). ECF No. 2. On May 18, 2011, Defendant entered into an amended written plea agreement to plead guilty to count 1 of the Indictment. ECF No. 67. On May 18, 2011, Defendant appeared before the court and after a thorough Rule 11 hearing (which Defendant does not challenge), entered a guilty plea to the count charged in the Indictment. ECF No. 71.

A Pre-Sentence Report (PSR) assessed a two point increase in Defendant's base offense level due to possession of a dangerous weapon (including a firearm), pursuant to U.S.S.G. § 2D1.1(b)(1). *See* PSR ¶¶ 43, ECF No. 95. Defendant objected to a statement he made about carrying a firearm being used against him to support the enhancement, arguing that he was a confidential informant at the time, and also objected to the weight of drugs attributed to him. Addendum to PSR, ECF No. 95-1. In response, the Probation Officer noted that he consulted with

the Government regarding protection from self-incriminating statements, and was told that Defendant was not under any such protection. *Id.* at 2. Defendant also objected to being enhanced for a firearm. *Id.* At sentencing, the court sustained objection 1 as to the drug amount, holding Defendant responsible for a lesser amount, and Defendant withdrew objection 2 regarding the firearm. ECF No. 84. Although Defendant's guideline range was decreased to 108-135 months based on a total offense level of 31 and a criminal history category of I (*See* SOR, ECF No. 87), Defendant was sentenced to the statutory mandatory minimum of 120 months. ECF No. 86.

On August 26, 2011, Defendant filed a pro se motion for reconsideration of his sentence. ECF No. 100. After discussion with his attorney, Defendant made a motion to dismiss the motion for reconsideration, which was granted. ECF Nos. 104, 106. Defendant also appealed his sentence, but voluntarily withdrew the appeal as well. The appeal was dismissed on December 19, 2011. ECF No. 113.

## II.   *Johnson* **and** *Welch*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson v. United States*, 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those in the enumerated or force clauses. The residual clause can no longer support a defendant's classification as an armed career criminal.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S.Ct. 1257 (2016), which held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

**III.     Discussion**

Defendant argues that he should be granted relief because his two point enhancement for possession of a dangerous weapon should be invalidated under *Johnson*. ECF No. 128. He also argues that, absent the mandatory minimum sentence, his guideline range would have been 87-108 months (after application of Amendment 782), and thus his sentence "would have been lower with application of the correct sentencing guideline range." *Id.* Defendant's arguments fail on both points.

First, *Johnson* and its progeny have no effect on the two point enhancement for possessing a firearm in U.S.S.G. § 2D1.1(b)(1). As discussed above, *Johnson* serves to invalidate a portion of the definition of a "crime of violence" as utilized in the ACCA. Defendant argues that the reasoning in *Johnson* should apply to the sentencing guidelines; however, even if it did, it would not serve to invalidate the specific two point enhancement that affected Defendant's sentence. While Defendant is correct that some courts have applied *Johnson* reasoning beyond the ACCA, for example to the residual clause of the career offender portion of the sentencing guidelines or to the residual clause in § 924(c), there is simply no like reasoning that would invalidate the two level enhancement for possessing a dangerous weapon. U.S.S.G. § 2D1.1(b)(1) does not have a residual clause that could be held unconstitutionally vague; instead, it clearly lays out which convictions (all related to drug offenses) could receive the two point enhancement for possessing a dangerous weapon. Therefore, *Johnson* cannot serve to invalidate the enhancement received by Defendant.

Second, Defendant was given a mandatory minimum sentence based on his drug conviction, not the possession of the firearm. The conspiracy to possess with intent to distribute statute prescribes this mandatory minimum:

3

> [A]ny person who violates subsection (a) of this section shall be sentenced as follows: in the case of a violation of subsection (a) involving . . .5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine. . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years.

21 U.S.C. § 841(b)(1)(A).

The firearm enhancement did not activate this mandatory minimum. In fact, Defendant's admitted guideline range (absent the mandatory minimum but including a two point reduction for Amendment 782) of 87-108 months *included* the two point enhancement for possessing a dangerous weapon. However, due to the statutory mandatory minimum of 10 years, that guideline range did not affect Defendant. His possession of a firearm and the resulting two point enhancement did not drive his actual sentence upward; that was done purely by operation of the drug distribution statute he violated. Accordingly, Defendant does not have a claim under *Johnson*.

## IV.  Conclusion

Defendant's challenge to his sentence fails because the two point enhancement he received is unaffected by the *Johnson* ruling. Further, Defendant was given a statutory mandatory minimum sentence. Defendant's § 2255 motion is hereby **denied**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    Senior United States District Judge

Columbia, South Carolina
July 21, 2016